MILLS, Judge,
dissenting:
I dissent. I would affirm. The deputy’s award of compensation to the claimant’s husband for nursing services provided his wife is supported by competent substantial medical and lay testimony.
Because of an industrially related injury, claimant is and will be permanently and totally disabled and unable to wash her hair, put her hair in rollers, shave her legs and underarms, take a shower, wash parts of her body, dress herself, and rub out knots and spasms that frequently occur in her injured shoulder and arm. Also, when claimant’s left arm is manipulated or exerted, she has forearm jerking, clawing of the hand, and hopping of the hand, which require restraining by the husband. Her husband performs these tasks during his time off from his work.
There is no doubt that the services rendered claimant by her husband are of a kind not ordinarily performed by a husband for his wife and that the services are palliative nursing services. I cannot believe that any husband or wife would consider these services to be merely housekeeping services ordinarily performed by a husband.